UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO TORRES SANCHEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>POLLY KAISER, DDO,<br><br>　　　　　Respondent. | 1:09-cv-02248-JLT HC<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE GRANTED<br><br>ORDER DIRECTING THE CLERK TO SERVE DOCUMENTS ON RESPONDENT |

　　　　Petitioner is detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") and is proceeding with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　In the petition filed, Petitioner alleges that he is a native of Mexico, that he is a legal resident of the United States, that an order for his removal from the United States is presently being appealed to the Court of Immigration Appeals, and that he has been in continuous custody of ICE since June 11, 2009. (Doc. 1, pp. 2-3). Petitioner alleges that his detention is unconstitutional in that he must choose between pursuing his appeal while remaining in custody or else abandon his appeal and consent to removal. (Doc. 1, p. 3).

　　　　It is not clear whether Petitioner is entitled to relief. However, because Petitioner may be

entitled to relief if the claimed violations are proved, Respondent IS ORDERED TO SHOW CAUSE why the Petition should not be granted. Rule 4, Rules Governing Section 2254 Cases; see Rule 1(b), Rule 11, Rules Governing Section 2254 Cases; Fed. R. Civ. P. 81(a)(2). Respondent SHALL INCLUDE a copy of Petitioner's Alien File and any and all other documentation relevant to the determination of the issues raised in the petition. Rule 5 of the Rules Governing Section 2254 Cases. In the event the Petitioner is released from ICE custody during the pendency of this Petition, the parties SHALL notify the Court by filing a Motion to Dismiss the Petition or other proper pleading. Should the parties fail to notify the Court that Petitioner has been released, the parties may be subject to sanctions pursuant to the inherent power of the Court to issue sanctions in appropriate cases. See Local Rule 11-110.

Accordingly, IT IS HEREBY ORDERED:

1. Respondent is ORDERED TO SHOW CAUSE why the Petition should not be granted. The Return to the Order to Show Cause is due within FORTY-FIVE (45) days of the date of service of this order. Petitioner may file a Traverse to the Return within TEN (10) days of the date the Return to the Order to Show Cause is filed with the Court.

2. The Clerk of the Court is DIRECTED to SERVE a copy of the Petition for Writ of Habeas Corpus on the United States Attorney.

The Court has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(h). As such, the matter will be taken under submission following the filing of Petitioner's Traverse or the expiration of the time for filing the Traverse. All other briefing in this action is suspended.

IT IS SO ORDERED.

Dated:  **March 17, 2010**                                   /s/ Jennifer L. Thurston
                                                     UNITED STATES MAGISTRATE JUDGE