**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALFONSO TORRES SANCHEZ,<br><br>              Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, JR., et al.,<br><br>             Respondents. | Case No.: 1:09-cv-02248-JLT HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 11)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS<br><br>ORDER DIRECTING CLERK OF THE COURT TO ASSIGN A UNITED STATES DISTRICT JUDGE TO CASE |

      Petitioner is detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") and is proceeding with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

      Petitioner originally filed his petition on December 29, 2009. (Doc. 1). In the petition, Petitioner alleges that he is a native of Mexico, that he is a legal resident of the United States, that an order for his removal from the United States is presently being appealed to the Court of Immigration Appeals, and that he has been in continuous custody of ICE since June 11, 2009. (Doc. 1, pp. 2-3). Petitioner alleges that his detention is unconstitutional in that he must choose between pursuing his appeal while remaining in custody or else abandon his appeal and consent to removal. (Doc. 1, p. 3).

On March 18, 2010, the Court issued an Order to Show Cause why the Petition should not be granted. (Doc. 4). On May 21, 2010, Respondent filed his response to the Order to Show Cause, addressing the merits of Petitioner's petition. (Doc. 7). On August 13, 2010, Respondent filed the instant motion to dismiss, contending that on June 17, 2010 Petitioner had been removed to Mexico and that therefore he was no longer in Respondent's custody. Respondent argues that, as a result of Petitioner's removal, the case is moot and the Court is without jurisdiction to proceed. (Doc. 11). Petitioner has filed no opposition to the motion to dismiss. The Court agrees with Respondent's position.

**DISCUSSION**

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2241( c)(3). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. However, the petition must "allege facts concerning the applicant's commitment or detention," 28 U.S.C. § 2242, and the Petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990); United States v. Poopola, 881 F.2d 811, 812 (9th Cir.1989). If it may be conclusively determined from the face of the petition that Petitioner is not entitled to relief on the grounds alleged, then the petition must be dismissed. Rule 4 of the Rules Governing § 2254 Cases[1]; Peterson v. Wilson, 373 F.2d 737, 738 (9th Cir.1967).

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982). The

---

[1] The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion. See, Rule 1(b) of the Rules Governing § 2254 Cases.

Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937).

In the instant case, the only issue before this Court has been the lawfulness of Petitioner's detention by Respondent, and the only relief which the Court could have afforded to Petitioner was an order releasing him from custody in the event that the Court determined that his continued detention by ICE was unlawful. The record now before the Court establishes that Petitioner was released from Respondent's custody on June 17, 2010. (Doc. 11, Ex. 1). Thus, there is no further relief that the Court can afford Petitioner, and therefore the petition is moot. Accordingly, Respondent's Motion to Dismiss for Lack of Jurisdiction should be GRANTED, and the Petition should be DISMISSED for failure to state a claim.

**ORDER**

GOOD CAUSE being established therefor, the Court HEREBY ORDERS as follows:

1. The Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

Based on the foregoing discussion, the Court HEREBY RECOMMENDS as follows:

1. Respondent's Motion to Dismiss for Lack of Jurisdiction (Doc. 11), should be GRANTED; and,

2. The Petition for Writ of Habeas Corpus (Doc. 1), should be DISMISSED for failure to state a claim.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 15, 2010**                              /s/ Jennifer L. Thurston
                                                                                           UNITED STATES MAGISTRATE JUDGE